UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUDITH A. ADIRZONE, | : : : : | |
| *Plaintiff,* | : : | Case No. 1:24-cv-04086-CPO-SAK |
| - v. - | : : : | |
| THOMAS JEFFERSON UNIVERSITY; and JEFFERSON HEALTH AND WELFARE PLAN, | : : : : : | **JOINT DISCOVERY PLAN** |
| *Defendants.* | : : | |

Plaintiff, JUDITH A. ADIRZONE ("Plaintiff" or "Ms. Adirzone") and Defendants, THOMAS JEFFERSON UNIVERSITY and JEFFERSON HEALTH AND WELFARE PLAN) (collectively the "Defendants"), by and through their respective counsel, pursuant to the Federal Rule of Civil Procedure 16, Local Rule of Civil Procedure 16.1(a), and the Court's June 18, 2024 Order (D.E. 10), hereby submit the following Joint Discovery Plan:

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented**:

*Attorneys for Plaintiff, Judith A. Adirzone*

John W. Leardi
Christopher B. Bladel
BUTTACI LEARDI & WERNER LLC
212 Carnegie Center, Suite 202
Princeton, New Jersey 08540
(P): 609-799-5150
(F): 609-799-5180

*Attorneys for Defendants*

Michael E. Holzapfel
JACKSON LEWIS, P.C.
766 Shrewsbury Avenue
Tinton Falls, NJ 07724
(P): 732-532-6148
(F): 732-842-0301

<u>*Co-counsel for Plaintiff, Judith A. Adirzone*</u>

Leslie Howard
Michael Fried
COHEN HOWARD, LLP
766 Shrewsbury Ave., Suite 200
Tinton Falls, NJ 07724
(P): 732-747-5202
(F): 732-747-5259

    2.    **Set forth a brief description of the case, including the causes of action and defenses asserted**:

    <u>*Plaintiff's Position*</u>:

    Plaintiff, Judith A. Adirzone, brings this action seeking health benefits from her then-employer's self-funded group health plan pursuant to 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Alternatively, Ms. Adirzone seeks to enjoin acts and practices of Defendants pursuant to 29 U.S.C. § 1132(a)(3)(A). Ms. Adirzone is a breast cancer survivor. This case arises out of the benefit determination for an October 21, 2019, approved bilateral mastectomy concurrent with post-mastectomy breast reconstruction. Plaintiff was a Thomas Jefferson University ("TJU" or "Jefferson Health") employee and a plan participant, as defined by ERISA, enrolled in the Jefferson Health and Welfare Plan ("the Plan"), which provides healthcare benefits to plan participants through a self-funded employee welfare benefit plan. Aetna Life Insurance Company, which is not a party to this case, is the "claims administrator" for all medical claims submitted to the Plan for payment of covered benefits. Jefferson Health is the designated plan administrator and, pursuant to the express terms of the Plan, has "maximum legal discretion" to interpret the Plan and make determinations regarding benefit claims.

    On October 21, 2019, Ms. Adirzone presented to Jefferson Washington Township Hospital, formerly known as Kennedy University Hospital, at 435 Hurffville-Cross Keys Road, Washington Township, NJ 08080—a facility that was and remains "in-network" with Aetna—for an approved bilateral mastectomy rendered by surgeon Diane R. Gillum, M.D. Plaintiff, pursuant to her rights under the Women's Health Cancer Rights Act of 1998 ("WHCRA") 29 U.S.C. § 1185b, which is incorporated expressly into the Plan's governing documents, elected to undergo a post-mastectomy breast reconstruction procedure. Under WHCRA, which

2

is incorporated into the ERISA statute and the Plan documents for the Jefferson Health and Welfare Plan: (i) that post-mastectomy breast reconstruction surgery must be covered under the terms of the Plan; and (ii) plan administrators and/or third-party claims administrators are prohibited from placing unreasonable restrictions or limitations on reimbursement for post-mastectomy breast reconstruction.

Plaintiff, in consultation with her surgeon, Dr. Diane R. Gillum, elected to undergo a technique known as the deep inferior epigastric perforator ("DIEP") flap procedure. This procedure takes place immediately following the double mastectomy without the need for an additional hospitalization and typically results in quicker recovery time for patients. In consultation with Dr. Gillum, Ms. Adirzone identified Joseph F. Tamburrino, M.D. ("Dr. Tamburrino") and Keith M. Blechman, M.D. ("Dr. Blechman") the appropriate plastic surgeons with the appropriate skill and experience in microsurgery to perform the post-mastectomy bilateral DIEP flap breast reconstruction—which requires not only a trained plastic surgeon, but also a surgeon trained in microvascular surgery. Drs. Tamburrino and Blechman are out-of-network surgeons who do not have contracts with the Plan or the Plan's claims administrator, Aetna.

Aetna approved the procedure to be performed by Drs. Tamburrino and Blechman as co-surgeons, but declined to do so at a level of benefits that Plaintiff asserts is required by the Plan. Plaintiff maintains that the Aetna physician network utilized by the Jefferson Health Plan was inadequate in that there were no available "in-network" surgeons in Plaintiff's geographic area who could have performed the DIEP procedure. Because WHCRA requires that group health plans offering mastectomy coverage must provide coverage for breast reconstruction "***in a manner determined in consultation with the attending physician and the patient***," 29 U.S.C. § 1185b(a) (emphasis added), Defendants, by affirming the determination of claims administrator Aetna, violated the Plan by effectively denying her coverage and protection from "balance billing" by refusing to pay either: (i) the billed charges of Drs. Tamburrino and Blechman; or (ii) a negotiated *ad hoc* rate with Plaintiff's surgeons.

Defendants and their claims administrator, Aetna, also improperly refused to apply the Plan's definition of "Involuntary Services" in adjudicating Ms. Adirzone's claims related to the DIEP procedure because the surgery took place at an in-network facility where the only "in-network" surgeons whom Aetna identified as being able to perform some form of breast reconstruction did not perform or have the adequate education, training, and/or experience to perform the complex DIEP microsurgery

3

that Ms. Adirzone and her physicians selected as the best option for her treatment and recovery. The relevant plan definition of "Involuntary Services" states:

> Involuntary services are services or supplies that are one of the following:
>
> - Performed at a network facility by an out-of-network provider, unless that out-of-network provider is an assistant surgeon for your surgery
> - Not available from a network provider
> - Emergency services

[(Second Amd. Compl. at ¶ 30) (D.E. 4)].

Plaintiff contends that any period of limitations contained in the plan documents were not communicated adequately to Ms. Adirzone and therefore any period of limitations in the plan documents does not apply. *See Mirza v. Ins. Adm'r of Am., Inc.*, 800 F.3d 129 (3d Cir. 2015).

*Defendants' Position*:

This is an action to recover benefits under a self-funded ERISA welfare benefit plan ("Plan") pursuant to 29 U.S.C. § 1132(a)(1)(B). The Second Amended Complaint also contains a duplicative, non-cognizable claim for equitable relief under 29 U.S.C. § 1132(a)(3)(A).

On or about October 21, 2019, Plaintiff underwent a breast reconstruction incident to mastectomy. The breast reconstruction was performed by plastic surgeons Dr. Joseph F. Tamburrino and Dr. Keith M. Blechman. The breast reconstruction was a voluntary, elective, non-emergency procedure – it was not an "involuntary service."

On the date of service, Plaintiff had health coverage through the Plan, which is sponsored by Jefferson Health and claims administered by Aetna Life Insurance Company ("ALIC"). Dr. Tamburrino and Dr. Blechman are "out-of-network" with ALIC.

Following the surgery, the providers submitted claims for professional fees to

4

ALIC in excess of $170,000 each. On behalf of the Plan, ALIC paid the covered CPT codes at the prescribed out-of-network rate, which tracks the federal Medicare fee schedule. Plaintiffs now seek to recover from the Plan the difference between the amount billed and the amount paid.

Defendants contend, among other things, that the Plan's terms do not require payment of the benefits sought; that Plaintiff has asserted duplicative causes of action; and that the instant lawsuit is time-barred by the Plan's three-year limitations period.

(a) **Pursuant to Local Civil Rule 16.1(b)(1)(H), set forth whether an Affidavit of Merit has been served, or is required to be served, for any action asserting professional malpractice or negligence and, if an affidavit of merit is required, the date by which it must be served.**

Yes: ☐  No: ☒  If Yes, Date of Service __N/A__.

(b) **If an Affidavit of Merit has been served, state whether Defendant has any objections to the adequacy of the Affidavit.**

Yes: ☐  No: ☐  Not applicable: ☒

3. **Have settlement discussions taken place?**  Yes: ☒  No: ☐

(a) **What was plaintiff's last demand?**

1) **Monetary demand:**  $_____
2) **Non-monetary demand:** _____

(b) **What was defendant's last offer?**

1) **Monetary offer:**  $_____
2) **Non-monetary offer:** _____

Counsel for both parties have begun informal settlement discussions that begun pre-Answer, but no formal demands or offers have been made. Counsel for both sides can inform the Court of the substance of these discussions, which have taken place pursuant to Federal Rule of Evidence 408, at the upcoming Rule 16 conference.

5

4. **The parties have ☒ have not ☐ met pursuant to Fed. R. Civ. P. 26(f)**.

5. **The parties have ☐ have not ☒ exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason(s) therefore.**

Because this matter is to be decided on a review of the administrative record, it is exempt from initial disclosures pursuant to FED. R. CIV. P. 26(a)(1)(B)(i).

6. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)**:

None.  See response to Section 5 above.

7. **The parties have ☐ have not ☒ filed disclosures of third−party litigation funding. See Local Civil Rule 7.1.1**.

No person or entity that is not a party is providing funding for some or all of the attorneys' fees and expenses for the litigation on a non-recourse basis in exchange for (1) a contingent financial interest based upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal or bank loan or insurance.  Although the Clerk of the Court's July 29, 2021 Notice to the Bar clarified that third-party litigation funding statements must be filed only where funding agreements covered by Local Rule 7.1.1 exist (i.e., parties do not need to file negative statements where no such agreements exist), in the interest of full disclosure ALIC is obligated to provide a defense in this action to Thomas Jefferson University and the Jefferson Health and Welfare Plan.  Because the Plan is self-funded, however, any settlement or judgment is the responsibility of the Plan.  ALIC's obligation to provide a defense is not covered by Local Rule 7.1.1 because ALIC has no contingent financial or non-financial interest in the outcome of this case.

8. **The parties have ☐ have not ☒ conducted discovery other than the above disclosures. If so, describe**.

9. **Proposed Joint Discovery Plan**:

(a) **Discovery is needed on the following subjects**:

*Plaintiff's Position*:

6

To adjudicate Plaintiff's claim for benefits under Section § 502(A)(1)(B) of ERISA, the Court must determine whether the adverse benefit determinations were consistent with the Plan through which Ms. Adirzone had health benefits. As such, the evidence to be considered is normally limited to the Administrative Record, as the term is defined by 29 CFR § 2560.503-1(m)(8). Plaintiff seeks the production of the Administrative Record no later than thirty (30) days after this conference.

*Defendants' Position*:

Defendants concur that this matter is limited to the review of the administrative record. Defendants do not object to production of the administrative record within thirty (30) days.

(b) **Discovery should ☒ should not ☐ be conducted in phases or be limited to particular issues. Explain**.

*Plaintiff's Position*:

To adjudicate Plaintiff's claim for benefits under Section § 502(A)(1)(B) of ERISA, the Court must determine whether the Defendants' benefit determinations were consistent with the plan through which Ms. Adirzone had health benefits. As such, the evidence to be considered is normally limited to the Administrative Record, as the term is defined by 29 CFR § 2560.503-1(m)(8). But this limitation is not absolute; and Plaintiff's need and/or entitlement to additional discovery will depend, in large part, upon the Administrative Record produced by Defendants. As such, Plaintiff will not seek or serve any discovery outside of the Administrative Record without Defendants' consent or leave of court, which it will seek no later than sixty (60) days after Defendants' production of the full Administrative Record.

*Defendants' Position*:

Plaintiff is not entitled to additional discovery beyond the administrative record. In ERISA benefits actions, District Courts may permit supplemental discovery only in narrow instances, namely where the plaintiff alleges conflicts of interest or bias in the administrative process, and even then discovery is confined to those subjects. *See Dowman v. Chubb Corp.*, 2018 U.S. Dist. LEXIS 97948, *12 (D.N.J. Jun. 11, 2018) (citations omitted). However, "to the extent Plaintiff seeks discovery into the merits of the

Defendants' claim determination, it is clear that such discovery is prohibited." *Dandridge v. Raytheon Co.*, 2010 U.S. Dist. LEXIS 5854, at *8 (D.N.J. Jan. 26, 2010) (emphasis in original); *see also Mainieri v. Bd. of Trustees of the Operating Engineers Local 825 Pension Fund*, 2008 U.S. Dist. LEXIS 71247, at *7 (D.N.J. Sep. 10, 2008) ("[D]iscovery can be taken with regard to issues that raise a good-faith allegation of procedural bias or structural conflicts of interest, but not for matters that merely speak to the merits of the administrator's decision.").

To the extent the parties have a dispute as to whether additional discovery beyond the administrative record is warranted, they should bring that dispute to the Magistrate Judge in accordance with the Local Civil rules and any judicial preferences.

(c) **Proposed Schedule**:

1) **Fed. R. Civ. P. 26 Disclosures**: Not applicable. See Section 5 above.

2) **E−Discovery conference pursuant to L. Civ. R. 26.1(d)**: July 30, 2024

3) **Service of initial written discovery**:

   *Plaintiff's Position*:

   To adjudicate Plaintiff's claim for benefits under Section § 502(A)(1)(B) of ERISA, the Court must determine whether the Defendant's benefit determinations were consistent with the plan through which B.H. had health benefits. As such, the evidence to be considered is normally limited to the Administrative Record, as the term is defined by 29 CFR § 2560.503-1(m)(8). But this limitation is not absolute; and Plaintiff's need and/or entitlement to additional discovery will depend, in large part, upon the Administrative Record produced by Defendant. As such, Plaintiff will not seek or serve any discovery outside of the Administrative Record without Defendant's consent or leave of court, which it will seek no later than sixty (60) days after Defendant's production of the full Administrative Record.

   *Defendants' Position*:

   Plaintiff is not entitled to additional discovery beyond the

administrative record. In ERISA benefits actions, District Courts may permit supplemental discovery only in narrow instances, namely where the plaintiff alleges conflicts of interest or bias in the administrative process, and even then discovery is confined to those subjects. *See Dowman v. Chubb Corp.*, 2018 U.S. Dist. LEXIS 97948, *12 (D.N.J. Jun. 11, 2018) (citations omitted). However, "to the extent Plaintiff seeks discovery into the merits of the Defendants' claim determination, it is clear that such discovery is prohibited." *Dandridge v. Raytheon Co.*, 2010 U.S. Dist. LEXIS 5854, at *8 (D.N.J. Jan. 26, 2010) (emphasis in original); *see also Mainieri v. Bd. of Trustees of the Operating Engineers Local 825 Pension Fund*, 2008 U.S. Dist. LEXIS 71247, at *7 (D.N.J. Sep. 10, 2008) ("[D]iscovery can be taken with regard to issues that raise a good-faith allegation of procedural bias or structural conflicts of interest, but not for matters that merely speak to the merits of the administrator's decision.").

To the extent the parties have a dispute as to whether additional discovery beyond the administrative record is warranted, they should bring that dispute to the Magistrate Judge in accordance with the Local Civil rules and any judicial preferences.

4) **Maximum of \_\_\_\_\_ Interrogatories by each party to each other party**.

   See the parties' responses to Section 9 above.

5) **Maximum of \_\_\_\_\_ depositions to be taken by each party**.

   See the parties' responses to Section 9 above.

6) **Motions to amend or to add parties to be filed by**: September 8, 2024.

7) **Factual discovery to be completed by**: November 20, 2024.

   **Plaintiff's expert reports due on**: N/A (See the parties' responses to Sections 5 and 9 above).

8) **Defendants' expert reports due on**: N/A (See the parties' responses to Sections 5 and 9 above).

9) **Expert depositions to be completed by**: N/A (See the parties' responses

to Sections 5 and 9 above).

10) **Dispositive motions to be filed by**: 150 days after Defendants' service of the administrative record.

(d) **Set forth any special discovery mechanism or procedure requested**.

See the parties' responses to Sections 5 and 9 above.

(e) **A pretrial conference may take place on**: A time to be determined at a time convenient for the Court.

(f) **Trial date**: _____. (Jury trial: ☐  Non-jury trial: ☒). Defendants contend that cross motions for summary judgment are the appropriate vehicles to resolve this case on the merits.

10. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out−of−state witnesses or documents, etc.)? If so, please explain**.

Yes ☐ No ☒.

11. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc**.

Yes ☐ No ☒.

12. **Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S?**

Yes ☒ No ☐.

13. **Do you anticipate any discovery problem(s) not listed above? Describe**.

Yes ☐ No ☒.

14. **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)**.

See section 16 below.

15. **Is this case appropriate for bifurcation**?   Yes ☐ No ☒.

16. **An interim status/settlement conference (with clients in attendance), should be held**:

The parties respectfully submit that a status conference should be scheduled at the Court's convenience in the Fall 2024. At that time, counsel will be in a better position to advise whether and, if so, when, a settlement conference with clients in attendance would be fruitful.

17. **We do ☐ do not ☒ consent to the trial being conducted by a Magistrate Judge**.

18. **Identify any other issues to address at the Rule 16 Scheduling Conference**.

None at this time.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher B. Bladel* | */s/ Michael E. Holzapfel* |
| Christopher B. Bladel | Michael E. Holzapfel |
| John W. Leardi | JACKSON LEWIS, P.C. |
| BUTTACI LEARDI & WERNER LLC | 766 Shrewsbury Avenue |
| 212 Carnegie Center, Suite 202 | Tinton Falls, NJ 07724 |
| Princeton, New Jersey 08540 | (P): 732-532-6148 |
| (P): 609-799-5150 | (F): 732-842-0301 |
| (F): 609-799-5180 | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| | |
| Date:  July 2, 2024 | Date:  July 2, 2024 |