[ECF No. 24]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JUDITH A. ADIRZONE, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY et al., <br><br> Defendants. | Civil No. 24-4086 (CPO/SAK) |

**OPINION AND ORDER**

In this action brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), Plaintiff, a beneficiary of the Jefferson Health and Welfare Plan (the "Jefferson Plan"), filed a motion [ECF No. 24] seeking to compel the production of the Administrative Services Contract[1] (the "ASC") between the plan sponsor, Defendants Thomas Jefferson University and the Jefferson Plan, and its third-party claims administrator, Aetna Life Insurance Company ("Aetna"). The Court received Defendants' opposition [ECF No. 26] and Plaintiff's reply [ECF No. 27]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **DENIED**.

---

[1] Plaintiff refers to the document sought to be produced as both the "Master Services Agreement." *See* Pl. Mot. at 1 [ECF No. 24] and the "Administrative Services Contract," s*ee* Pl. Letter at 1 [ECF No. 17]. Defendants refer to the document as the "Administrative Services Contract." *See* Defs.' Opp'n at 1 [ECF No. 26]. For the sake of clarity, the Court will refer to the document as the Administrative Services Contract.

I.  **BACKGROUND**

Plaintiff is a breast cancer survivor who received a bilateral mastectomy on October 21, 2019. Am. Compl. at ¶ 35 [ECF No. 4]. Prior to the mastectomy, Plaintiff sought coverage for deep inferior epigastric perforator ("DEIP") flap breast reconstruction surgery to be performed by co-surgeons Dr. Joseph Tamburrino and Dr. Keith Blechman, concurrently with Plaintiff's mastectomy. *Id.* at ¶¶ 38-46. Aetna denied the in-network exception request, and approved coverage at the out-of-network benefit levels only. *Id.* at ¶¶ 50-59. Despite this denial, Plaintiff proceeded with the concurrent procedures. *Id.* at ¶ 63. Following the breast reconstruction procedure, Defendants paid $3,639.04 of Dr. Tamburrino's billed charges of $171,713.89 and $4,270.71 of Dr. Blechman's billed charges of $177,432.00. *Id.* at ¶¶ 70, 91.

Plaintiff alleges that Defendants violated the terms of the ERISA-covered employee health benefit plan in contravention of 29 U.S.C. §§ 1132(a)(1)(B) and 1132 (a)(3)(A), by failing to pay appropriate amounts for charges related to her breast reconstruction surgery. *See id.* at ¶¶ 58, 98. Specifically, Plaintiff alleges that Defendants breached their ERISA fiduciary duties by failing to pay the billed charges; failing to negotiate with out of network providers to reduce costs for Plaintiff; and failing to provide health benefits for the microsurgery required by the Women's Health Cancer Rights Act of 1998, 29 U.S.C. § 1185b. *Id.* at ¶¶ 98, 102.

During the course of discovery, Plaintiff filed an informal letter application seeking to compel the production of Defendants' ASC. *See* Pl.'s Letter at 1 [ECF No. 17]. Defendants objected, contending that in an ERISA action such as this, where the claims fiduciary has the discretion to make determinations, the Court's review is limited to the administrative record. *See* Defs.' Letter at 1-2 [ECF No. 18]. Defendants further assert that the ASC is not part of the administrative record. *Id.* The Court heard preliminary argument on this issue and granted

Plaintiff's request for additional time to attempt to resolve the issue with Defendant or file supplemental briefing. *See* Text Order [ECF No. 19]. Unable to resolve the issue, Plaintiff filed supplemental briefing, which was converted to the present discovery motion. *See* Pl.'s Mot. [ECF No. 24].

Plaintiff concedes that the ASC is not part of the administrative record. *Id*. at 1. She states she is not seeking the ASC to augment the administrative record, but contends it is relevant for determining the applicable standard of review in considering whether Defendants abused their discretion in denying her benefits. *Id.* at 1-2. She asserts that conflict-of-interest discovery is available in ERISA actions, even where the claims fiduciary has discretion to make claim determinations. *Id.* at 2. Although not alleging that a particular conflict of interest exists as to the claims fiduciary, Plaintiff seeks the ASC to determine whether any conflict of interest exists. *See* Pl.'s Reply Br. at 2 [ECF No. 27]. Specifically, she seeks information on how Aetna is compensated. *Id.*

Defendants counter that the ASC has no bearing on the standard of review. Defs.' Opp'n at 1 [ECF No. 26]. They maintain that the arbitrary and capricious standard of review applies because the plan contains the appropriate language granting Aetna discretion for claim determinations. *Id.* Defendants further assert that Plaintiff concedes that under the deferential standard of review "discovery is generally confined to the administrative record." *Id.* at 2. Defendants conclude that since the ASC is not part of the administrative record, Plaintiff is not entitled to its production. *Id.* Defendants also deny that a conflict of interests exists, reasoning that the plan is self-funded. *Id.* at 3. Defendants contend that unlike a fully insured plan, where the insurance company wears two hats—administrator and payor—and bears the financial risk of paying claims, the self-funded plan employs the insurance company as a third-party administrator,

while maintaining responsibility for paying claims, and thus retaining the financial risk. *Id.* Therefore, they assert, there is no conflict of interest. *Id.* Defendants allege that Plaintiff raises the possibility of a conflict of interest in an attempt to circumvent the normal prohibition against discovery outside of the administrative record. *Id.* at 2.

In reply, Plaintiff counters that Defendants describe "only one possible conflict of interest." Pl. Reply Br. at 2. Plaintiff appears to acknowledge that the plan is self-funded and does not specifically challenge Defendants' claim that a structural conflict of interest does not exist. *See id.* at 2. However, Plaintiff argues that a procedural conflict of interest may exist. *Id.* She argues she is entitled to the ASC to assess whether such procedural conflict of interest exists, including whether Aetna receives any financial benefit as the administrator. *Id.* She maintains the ASC could reveal those potential conflicts. *Id*. 2-4.

## II.  DISCUSSION

### A.  Legal Standard

The scope of discovery in ERISA benefits actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B) is determined by the standard of review the Court will ultimately apply. *See Noga v. Fulton Financial Corporation Employee Benefit Plan*, 19 F.4th 264, 272-73 (3d Cir. 2021). In *Firestone Tire & Rubber Co. v. Bruch*, the Supreme Court held that courts reviewing benefits decisions under ERISA should apply a *de novo* standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. 101, 115 (1989). If the plan grants discretionary authority, courts should instead review benefits determinations for abuse of discretion or in other words apply an "arbitrary and capricious standard." *Id.*  "Under the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the

decision being reviewed." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997)), *abrogated on other grounds as stated* in *Miller v. American Airlines, Inc.*, 632 F.3d 837, 847 (3d Cir. 2011).

When determining the scope of discovery beyond the administrative record, Courts should consider the ERISA statute's "goal of a speedy, inexpensive, and efficient resolution of claims." *See Irgon v. Lincoln Nat. Life Ins. Co.*, No. 13-cv-4731, 2013 WL 6054809, at *4 (D.N.J. Nov. 15, 2013). "[U]nder most circumstances, 'the record for arbitrary-and-capricious review of ERISA benefits denial is the record made before the plan administrator, and cannot be supplemented during litigation.'" *Howley v. Mellon Financial Corp.*, 625 F.3d 788, 793 (3d Cir. 2010) (quoting *Kosiba v. Merck & Co.,* 384 F.3d 58, 67 n.5 (3d Cir. 2004)). However, an exception allows supplementation of the administrative record to "consider evidence of potential biases and conflicts of interest that is not found in the administrator's record." *Id.* Courts may consider evidence beyond the administrative record where a structural conflict of interest exists or where procedural irregularities in the handling of the claim exist. *See Noga*, 19 F.4th at 276. A structural conflict-of-interest analysis examines the financial incentives in the plan administration such as "when the same entity administers a plan and pays the benefits due under the plan." *Id.* A procedural analysis considers "the presence or absence of irregularities in the handling of benefit claims." *Id.* "Therefore, discovery will typically not be permitted beyond the administrative record in ERISA cases unless some extrinsic factor exists, such as a structural conflict of interest or significant procedural anomalies." *Stevens v. Santander Holdings USA, Inc. Self-Insured Short Term Disability Plan*, No. 11-cv-7473, 2013 WL 322628, at *7 (D.N.J. Jan. 28, 2013).

In this District, courts require a plaintiff to demonstrate a "good faith basis" for alleging bias, a conflict of interest, or a procedural irregularity. *See*, *e.g.*, *Hart v. Board of Trustees, United*

5

*Food and Commercial Workers Union Local 152 Retail Meat Pension Fund*, No. 17-cv-12320, 2019 WL 13258890, at *8 (D.N.J. March 29, 2019) ("[T]o establish that additional discovery is warranted, a plaintiff must—at the very least—make a good-faith allegation of a procedural irregularity . . . in the review process.") (citation omitted); *Muccino v. Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson*, No. 11-cv-3641, 2012 WL 2119152, at *11 (D.N.J. June 11, 2012) ("[D]iscovery should be allowed when a plaintiff presents a good faith basis for alleging some bias or that a conflict infected the administrator's determination."); *see also O'Conner v. PNC Financial Services Group, Inc.*, No. 15-cv-5051, 2016 WL 2941196, at *8 (E.D.Pa. May 20, 2016) ("[T]he courts in this Circuit do agree that plaintiffs must 'make a minimal showing of bias or irregularity that could have impacted the administration of the claim to be permitted to conduct discovery into procedural conflicts.'") (citation omitted).

### B. Analysis

In her amended complaint, Plaintiff alleges that the plan grants the plan administrator discretionary authority to determine benefits. *See* Am. Compl. at ¶¶ 11-12. Defendants assert that since the ERISA plan contains the appropriate language granting Aetna discretion to determine benefits eligibility, under *Firestone Tire & Rubber Co.*, the Court will review Plaintiff's § 1132(a)(1)(B) claim for abuse of discretion, or in other words under an "arbitrary and capricious standard." Defs.' Opp'n at 1. The Court agrees that the language in the plan granting discretion to Aetna mandates the arbitrary and capricious standard of review. *See Firestone Tire & Rubber Co.*, 489 U.S. at 113.

Although Plaintiff contends that the existence of a conflict of interest, bias or fraud determines the standard of review,[2] her complaint does not allege that the claim determination was

---

[2] Specifically, Plaintiff states that "the Third Circuit has expressed that any threshold showing

tainted or compromised because of a conflict of interest, bias or fraud. She does not seek the ASC premised upon claims of a structural conflict of interest, but rather on unsupported allegations that procedural conflicts or irregularities may exist. To warrant additional discovery, Plaintiff must present more than "bald allegation[s] of wrongdoing or alleged bias." *Dandridge v. Raytheon Co.*, No. 08-cv-4783, 2010 WL 376598, at *6 (D.N.J. Jan. 26, 2010). Plaintiff failed to do so. She failed to cite to any facts suggesting the existence of procedural irregularities or bias in the handling of her claim, and merely asserts that the ASC will enable her to assess whether such procedural conflict or irregularities exist. Without more, the Court finds that Plaintiff is not entitled to additional discovery. *See Muccino*, 2012 WL 2119152, at *11 (denying a plaintiff's request for discovery outside the administrative record because she failed to "provide a factual basis" for "broad allegations" of procedural irregularities).

Lastly, although conceding the ASC is not a part of the administrative record, Pl.'s Mot. at 1, Plaintiff argues that some district courts have held that administrative agreements between ERISA health plans and third-party claim administrators are plan documents, and thus discoverable in ERISA actions. *See id.* at 3. She cites to out-of-circuit cases permitting the production of administrative services agreements. *Id.* However, Courts in this circuit have found that administrative services agreements are not plan documents because an individual cannot

---

for bias, conflict, and/or fraud-related discovery should not necessarily be so stringent because such discovery is necessary to determine what level of scrutiny the trial court will ultimately apply." Pl.'s Mot. at 2. She relies on a footnote in *Gardner v. Unum Life Ins. Co.*, 354 Fed. Appx. 642, 648 n.4 (3d Cir. 2009), in support of this proposition. *Id.* Relying on this footnote, Plaintiff argues that she is entitled to the ASC as it may reveal potential procedural conflicts of interest. *Id.* at 3. Plaintiff's reliance on *Gardner* is misplaced. The *Gardner* footnote states, "[j]udicial review of an administrative decision is generally limited to the evidence presented to the administrator, but charges of fraud or mistake in the record are subject to scrutiny." 354 Fed. Appx. at 648 n.4 (citation omitted). Here, Plaintiff has neither alleged nor cited to fraud or mistake in the record to warrant the scrutiny referenced in the footnote.

determine their rights from the agreements nor do the agreements govern the plan's operation. *See Local 56, United Food & Commer. Workers Union v. Campbell Soup Co.*, 898 F. Supp. 1118, 1136 (D.N.J. 1995); *Morley v. Avaya Inc. LTD Plan*, No. 04-cv-409, 2006 WL 2226336, at * 19 (D.N.J. Aug. 3, 2006). The Court finds this rationale persuasive and will follow the approach of other courts in this district. Accordingly, the Court finds the ASC is not a plan document.

Under the arbitrary and capricious standard of review, the record is limited to the administrative record. *See Mitchell*, 113 F.3d at 440. Plaintiff's complaint contained no allegations of conflict of interest or procedural irregularities to warrant an exception permitting the administrative record to be supplemented. *See Howley*, 625 F.3d at 793. Discovery is therefore limited to the administrative record. *See Stevens*, 2013 WL 322628, at *7.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **1st** day of **April**, **2025**, that Plaintiff's motion [ECF No. 24] seeking to compel production of the Administrative Services Contract is **DENIED**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.